Filed 10/20/20  P. v. Alfonsoruiz CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B303729 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA346845) |
| v. | |
| JOSE ARMANDO ALFONSORUIZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Judith L. Champagne, Judge.  Affirmed.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Jose Alfonsoruiz appeals the summary denial of his petition for resentencing under Penal Code section 1170.95.[1] Appellant's appointed counsel filed a brief raising no issues and asking us to review the record independently, and appellant has filed a supplemental brief. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist. Accordingly, we affirm.

## BACKGROUND

In 2010, a jury convicted appellant of three counts of aggravated sexual assault of a child (§ 269, subd. (a)(1)), three counts of forcible rape (§ 261, subd. (a)(2)), three counts of forcible oral copulation (§ 288a, subd. (c)(2)), one count of forcible lewd act upon a child (§ 288, subd. (b)(1)), and one lesser included offense of lewd act upon a child aged 14 or 15 (§ 288, subd. (c)(1)). The jury acquitted appellant of two counts of forcible rape (§ 261, subd. (a)(2)) and one count of forcible oral copulation (§ 288a, subd. (c)(2)). The jury was unable to reach a verdict on three counts of forcible oral copulation (§ 288a, subd. (c)(2)), two counts of forcible rape (§ 261, subd. (a)(2)), and one count of assault with a deadly weapon (§ 245, subd. (a)(1)); the trial court declared a mistrial as to those counts and dismissed them at the request of the prosecution. The trial court sentenced appellant to three indeterminate terms of 15 years to life, plus an aggregate determinate term of 59 years. We affirmed appellant's convictions and sentence on direct appeal. (*People v. Alfonsoruiz* (Sept. 27, 2011, No. B223811) [nonpub. opn.].)

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

2

On October 30, 2019, appellant filed a form petition for resentencing under section 1170.95.  He checked boxes affirming that he was charged with and convicted of murder and asserting that he could not now be convicted of murder due to recent changes made to sections 188 and 189.  Appellant also checked a box requesting the appointment of counsel.

Appellant attached numerous documents to his petition. Among them were excerpts of minute orders from his pretrial and trial proceedings, his legal status summary, copies of sections 1381 and 1382,[2]  a property receipt issued in connection with appellant's September 22, 2008 arrest, and a single page of what appears to be a treatise addressing parole.  Appellant also attached several newspaper articles and case and prison documents pertaining to other persons

On December 30, 2019, the trial court summarily denied the petition without appointing counsel for appellant.  The trial court's minute order states:  "The court finds the defendant was not convicted of murder and, therefore, is ineligible for relief under Penal Code section 1170.95. The petition is summarily denied."  Appellant timely filed a notice of appeal on January 13, 2020.

## DISCUSSION

On June 26, 2020, appellant's appointed appellate counsel filed an opening brief raising no issues and asking us to review the record independently.  (*Wende, supra*, 25 Cal.3d 436). Counsel advised appellant of his right to file a supplemental brief, and we sent appellant a letter containing the same advisement on June 30, 2020.

---

[2]Both sections are in the chapter titled "Dismissal of the Action for Want of Prosecution or Otherwise."

3

On July 27, 2020, appellant filed a two-page handwritten brief asserting that police, prosecutorial, and judicial misconduct occurred during his pretrial and trial proceedings. Specifically, he contends that police failed to produce an arrest warrant, did not read him his *Miranda*[3] rights or provide him with counsel, and "falsified allegations just to have charges" due to the absence of a "DNA expert." Appellant contends the prosecutor committed misconduct by filing "multiple charges and same & similar offense PC 667.6 which never occurred and no exculpatory material evidence but argued hearsay and false evidence without presenting DNA expert doctor's [*sic*] during jury trial with rape and aggravated charges." Finally, he contends the court engaged in "judicial abuse" because "sentencing is unprecedented 104 yrs to life in prison with multiple offense and same & similar the judge know's [*sic*] that this was a mistrial deadlock with same & similar offenses, but never had a chance for another jury trial but sentenced by the court own motion is a prejudice [*sic*]."

Appellant attached to his brief an amicus brief the Attorney General filed in a different case, several of the documents filed with his petition, and copies of sections 189 and 680.[4] In handwritten notations to these documents, appellant asserts that the bail in his case was "unprecedented" and unfair. He further suggests that the double jeopardy statute was violated because he was convicted of "same and similar offenses," and that he should have received a second jury trial due to the mistried counts.

---

[3]*Miranda v. Arizona* (1966) 384 U.S. 436.

[4]Section 189 sets forth the degrees of murder. Section 680 is the "Sexual Assault Victims' DNA Bill of Rights."

4

Appellant's brief explicitly states that he is attempting to use this appeal as a vehicle to "challenge this wrongful conviction." However, the order at issue in this appeal is the order denying his section 1170.95 petition, not the long-final judgment of conviction. Appellant's arguments do not address the relevant ruling; instead, they focus on issues outside the scope of this appeal. "Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) Appellant has not carried that burden here. His challenges to the validity of his underlying conviction do not establish that he was entitled to resentencing under section 1170.95. (See *People v. Nguyen* (2020) 53 Cal.App.5th 1154, ___ (2020 WL 5015289 at pp. *8-*9).)

The trial court correctly concluded that appellant was ineligible for relief under section 1170.95 as a matter of law. "By its terms, section 1170.95 authorizes only a person who was 'convicted of felony *murder* or *murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated . . . .' ([§ 1170.95], subd. (a), italics added.)" (*People v. Flores* (2020) 44 Cal.App.5th 985, 992-993.) "Through its repeated and exclusive references to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder. 1170.95 does not mention, and thus does not provide relief to, persons convicted of" other crimes. (*Id.* at p. 993; see also *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 ["The plain language of the statute is explicit; its scope is limited to murder convictions."].) The minute

orders appellant submitted with his petition showed that he was not convicted of murder despite his representations to the contrary.[5] The trial court therefore properly denied his petition without appointing counsel or holding further proceedings. (*People v. Edwards* (2020) 48 Cal.App.5th 666, 674-675.)

We have examined the entire record and are satisfied that no arguable issues exist and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the order.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

**DISPOSITION**

The order denying appellant's petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

MANELLA, P. J.                                CURREY, J.

---

[5]In one of the attachments to his supplemental brief, appellant underlines the portion of section 189 stating that a killing committed during the perpetration or attempted perpetration of certain enumerated crimes is murder of the first degree.  Although appellant was convicted of several crimes listed there, including rape and violations of section 288 and 288a, there is no indication that he killed anyone during the commission of those crimes.  He thus did not commit murder of any degree.

6